THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY LIPNER, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crime of carnal abuse of a child, as a felony, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENZO PREVETE, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of the crime of unlawfully admitting a child under sixteen years of age to a poolroom, modified on the facts by reducing the sentence to a fine of fifty dollars or ten days in the City prison. As thus modified, the judgment is affirmed. Under the circumstances disclosed by the record, the sentence was excessive. Close, P. J., Hagarty, Johnston and Lewis, JJ., concur; Adel, J., dissents and votes to affirm without modification, with the following memorandum: While this court possesses the power to modify the sentence, it is my opinion that under the facts in this case the discretion of the sentencing court should not be disturbed.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHRISTEL SCHULZ, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting the defendant of violation of section 105-a of the Alcoholic Beverage Control Law, reversed on the law, the complaint dismissed, and the defendant discharged. The statute under which the complaint was drawn contains no prohibition against the act complained of. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID J. SOULE, Appellant.— Judgment convicting the defendant of the crime of violating section 372 of the Penal Law (officer accepting bribe), and imposing sentence thereon, unanimously affirmed. The remarks of the Special Assistant Attorney-General in his argument to the jury were improper, but in view of the overwhelming proof of the defendant's guilt it may not be said that the substantial rights of the defendant were affected thereby. Order denying motion to set aside the verdict and for a new trial affirmed. Present — Close, P. J., Hagarty, Adel, Lewis and Aldrich, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. YORK FEATHER & DOWN CORPORATION, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of the crime of violating subdivision 1 of section 385 of article 25-A of the General Business Law, unanimously affirmed. No opinion. Present — Close, P. J., Hagarty, Adel, Lewis and Aldrich, JJ.

ELEANORE SMITH, Appellant, v. BROOKLYN & QUEENS TRANSIT CORPORATION, Respondent.— Action to recover damages for personal injuries sustained as the result of the alleged negligence of the defendant in prematurely closing the doors of its trolley car as plaintiff was alighting. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. The court erroneously directed a verdict for the defendant. Plaintiff's evidence established a prima facie case, which was not destroyed by contradictions in her testimony. Close, P. J., Hagarty, Adel, Lewis and Aldrich, JJ., concur.